J. ED STOKES v. JOHN SCOTT, Sheriff, Bay County

189 So. 272
Opinion Filed May 23, 1939

*Weldon G. Starry, Fisher & Fisher, Sapp & Sapp, H. H. Wells* and *B. K. Roberts,* for Petitioner;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, and *John H. Carter, Jr.,* for Respondent.

PER CURIAM.—Petitioner was cited for contempt by the Circuit Court of Bay County. He was tried and sentenced to thirty days imprisonment in the county jail and to pay a fine of one hundred dollars. If he defaulted in payment of the fine, he was required to serve an additional thirty days in jail.

Writ of Habeas Corpus was issued by a justice of this Court on a petition alleging that petitioner "is unjustly and unlawfully detained at this time by the respondent" Sheriff. The return to the writ by the Sheriff sets up the judgment of contempt as the basis for petitioner's retention. There was a replication to the return which was demurred to. The cause is now before us for disposition on the motion to discharge petitioner notwithstanding the return.

The contempt citation and judgment were bottomed on a special presentment by the Grand Jury, the part of which relating to petitioner being as follows:

"That on Sunday night after dark, March 19, 1938, J. Ed. Stokes, of Panama City, approached C. E. Russ, the foreman of this Grand Jury, at his home in Millville, Florida, and told said Russ that H. A. Pledger, the Clerk of this court who was then under investigation by this Grand Jury, was a special friend of his, and offered to pay said Russ $300.00 if he would adjourn the Grand Jury Monday morning, March 20, 1939, without returning any indictments, which proposition was declined."

The acts constituting the alleged contempt took place out of the presence of the court and related to improper proposals by Stokes to a member of the Grand Jury, to-wit:

the foreman, as may be seen by inspecting that part of the special presentment quoted. Such proposals must be proven in the same manner and to the same degree of certainty as other criminal charges are proven if a valid judgment is to rest on them. United States v. Carroll, 147 Fed. 947 49 A. L. R. 987.

It may be laid down as a general rule that the credibility or the weight of conflicting testimony will not be considered or reviewed in habeas corpus from a judgment of contempt based on improper proposals to a grand juror, but where, as in this case, the proceeding is of the nature of criminal proceedings and the evidence does not point conclusively to the charge made, emanates from a sole witness, and was not corroborated or convincing, and was of such a nature as to cast suspicion on said witness as guilty of improper conduct affecting his duty as a grand juror and his evidence was flatly denied and the denial corroborated, and the record as a whole does not clearly reveal a criminal intent, the court may on habeas corpus consider the legal sufficiency of the evidence to sustain the judgment, there being no other adequate remedy, and may make such order in the premises as will properly sustain the integrity of the court and secure to petitioner his right of due process and equal protection of the law as required by Section 4 of the Declaration of Rights.

The special presentation charges that Stokes offered Russ three hundred dollars to adjourn the grand jury while he (Russ) testified that Stokes did not offer or show him any money but asked him if he would adjourn the Grand Jury the following morning for three hundred dollars. There is no other evidence on the point and this evidence was flatly denied by Stokes and Stokes' testimony was corroborated while that of Russ finds no support whatever. The evidence as a whole is not complimentary to either

party, but as to the misconduct charged to petitioner, although approach to the grand jury would have been contemptuous without offer of a bribe on the part of Stokes, it is punctuated with so much of doubtful probity that it fails to meet that standard of verity required for conviction in such cases. Sloan v. Brown, 114 Fla. 739, 154 So. 514, and cases there cited.

We commend the trial court in his zeal to uphold the purity of the grand jury and the majesty of the law. Even if made in jest, such remarks as are here charged to petitioner are reprehensible and unbecoming an officer of the court; at the same time, one's character is not an object to be trifled with and it should not be shadowed on evidence of doubtful verity. To be legally sufficient, such evidence should be saturated through with the tang of certainty and carry conviction with it. The evidence brought here is far below this standard.

This rule is not in conflict with prior decisions of this Court affecting the question of criminal contempt. While all we have said is true, it is equally true that the integrity of the trial court must not be flaunted; neither should the power of the trial judge to maintain and if necessary, enforce respect be crippled. Respect for the courts is one of our most sacred traditions and the saving quality in our democracy. There is no more certain means of destruction to this tradition than tampering with the jury system.

We are therefore convinced that the integrity of the trial court and the right of the petitioner will be best served by remanding the petitioner to the custody of the sheriff with directions to the trial court to discharge him unless evidence legally sufficient to support the charge is duly adduced.

It is so ordered.

Terrell, C. J., and Whitfield, Brown, Buford, Chapman and Thomas, J. J., concur.